IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON MESSER,
           Plaintiff,

                                      CV 06-826-PK

                                      OPINION AND
v.                                     ORDER

HO SPORTS COMPANY, INC.,
MOTION WATER SPORTS, INC.,
and CONNELLY SKIS, INC.,
           Defendants.

_____

PAPAK, Magistrate Judge:

        Plaintiff Jason Messer invented and patented a traction pad that permitted the boards

employed in the sport of wakeboarding to be used without bindings, so that friction alone would

be sufficient to allow a user to control and stay upright on the board.  According to Messer,

wakeboards lacking bindings are now known as "wakeskates."

        Messer's patent issued in June 1998, as U.S. Patent No. 5,766,051 (the "'051 Patent").  In

this action, Messer alleges that wakeskates marketed by defendants HO Sports Company, Inc.,

Page 1 - OPINION AND ORDER

Motion Water Sports, Inc., and Connelly Skis, Inc., infringe one or more claims of the '051 Patent.

On July 24, 2007, defendants filed a motion to compel (#37) Messer to produce in discovery "claim charts" specifically identifying, for each claim of the '051 patent, where each element of each asserted claim is found within each of defendants' accused products.  On July 30, 2007, Messer belatedly produced claim charts identifying, for each allegedly infringing product, the specific claims and elements of claims that each such product allegedly infringed.

On that same day, the court heard the parties' oral argument as to whether Messer's production satisfied his discovery obligations, and took defendants' motion under advisement. Defendants' position is that the claim charts Messer has produced are deficient both in that they fail to identify specifically where on each accused product each infringing element is to be found, and in that, in some cases, they do not identify a specific product catalog page number on which the product appears.  Messer argues that because wakeskates are not a complex technology, the level of specificity incorporated into his claim charts is sufficient to permit ready identification of each infringing element of each accused product.

After analysis of the claim charts Messer has produced, and for the reasons which follow, this court agrees with Messer that his production satisfies his obligation of specificity, and therefore denies defendants' motion to compel.

## FACTUAL BACKGROUND

On November 28, 2006, defendants served Messer with interrogatories and requests for production of documents.  At issue in defendants' motion to compel are one interrogatory and one request for production.  The interrogatory requested as follows:

> For each claim of the Messer patent that you allege is infringed by [defendants], please provide a claim chart comparing the claims alleged to be infringed with each and every accused product, including without limitation the identity of each accused product and a description of where each and every claim element is found in the accused product. *See Carver v. Velodyne Acoustics, Inc.*, 202 F.R.D. 273 (W.D. Wash. 2001) ("Claim charts are standard discovery requests in patent infringement cases and are both relevant and discoverable.").

In similar vein, the request for production sought:

> Each and every document and thing referring to, relating to, evidencing, explaining, or comprising any analysis suggesting or purporting to demonstrate infringement of the '051 patent by any entity, including without limitation any analysis demonstrating the infringement of the '051 patent that you allege in this litigation. This request includes, without limitation, each and every claim chart that you have prepared comparing any claims of the '051 patent.

On December 27, 2006, Messer responded to defendants' requests. Messer's response included a single claim chart, addressing only defendant HO Sports' Hyperlite line of products, and none of the other products alleged in the second amended complaint to infringe the '051 patent. Messer's response indicated that a complete list of allegedly infringing products would be produced at the close of fact discovery.

On July 12, 2007, defendants for the first time communicated to Messer their position that, even to the extent it was complete, the claim chart produced in December 2006 was inadequately specific as to the location of each infringing element of each accused product within such product and as to the identification of the accused products themselves. On that same date defendants additionally requested, also for the first time, that Messer supplement his production to address the other accused products listed in the second amended complaint.

Messer failed to comply with defendants' request, and on July 24, 2007, defendants

moved to compel Messer to produce responsive claim charts[1] on or before July 30, 2007 (one day before Messer's scheduled deposition).  On July 30, 2007, before oral argument was heard on defendants' motion, Messer belatedly complied with defendants' request, and produced claim charts addressing all 99 products that he now alleges infringe the '051 patent.  The only issue that remains for this court to determine, therefore, is whether Messer's claim charts are sufficiently specific to satisfy Messer's discovery obligation.

The claim charts that Messer has produced are in the form of tables, in which each element of the '051 patent claims is separately listed in the horizontal axis, and each accused product, identified by manufacturer, year of manufacture, and product trade name, is separately listed in the vertical axis.  For some products, a catalog page number is also provided, presumably indicating where the accused device can be found within marketing materials published by one or more defendants.

In the cells of each table, Messer has indicated whether the accused product incorporates each separate claim element, distinguishing between literal infringement and infringement under the doctrine of equivalents.  In some instances, further explanation is provided; for example, in some instances in the row corresponding to the claim element, "The wakeboard traction pad of claim 1 wherein said top surface further comprises a roughened surface," Messer has indicated not merely that an accused product infringes such element but has further indicated, "YES: uses a grip-tape friction surface."  In addition, in some cells Messer has indicated only "unknown."

---

[1]Although the discovery requests arguably call for a broader response than merely the claim charts, Messer represents that he has no additional responsive documents and defendants conceded at oral argument that, in light of Messer's representation, it is only the claim charts that are the subject of their motion to compel.

**LEGAL STANDARDS**

**I.      Motion to Compel**

Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Rule 26(b)(1) is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Under Rule 26(b)(2), however, the court may limit discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, or that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  In deciding whether to restrict discovery under Rule 26(b)(2), "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court."  *EEOC v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 431-32 (D. Nev. 2006).

**ANALYSIS**

Federal Circuit jurisprudence makes clear that, before filing claims of patent infringement, a party's attorney is required "to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is

a reasonable basis for a finding of infringement of at least one claim of each patent so asserted."

*View Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 986 (Fed. Cir. 2000). The results of such

an inquiry are subject to discovery by a patent infringement defendant; customarily, such

discovery is provided in the form of claim charts. *See Attic Tent, Inc. v. Copeland*, 2006 U.S.

Dist. LEXIS 57601 (D.N.C. 2006) ("a 'claim chart' is a 'patent-claim-element' comparison of the

subject patent and the allegedly-infringing product. . . . Such a chart could reasonably lead to the

discovery of admissible evidence. . . ."); *see also Carver v. Velodyne Acoustics, Inc.*, 202 F.R.D.

273, 274 (D. Wash. 2001) ("Claim charts are standard discovery requests in patent infringement

cases and are both relevant and discoverable").

Here, however, defendants seek to require Messer to produce more than they are strictly

entitled to. Defendants cite the Patent Local Rules of the Northern District of California for the

proposition that a patent infringement plaintiff in that district must provide claim charts

"identifying specifically where each element of each asserted claim is found within each

Accused Instrumentality." Apparently in further support of that proposition, defendants also cite

a Federal Circuit case in which the court declined to overturn a district court's decision to strike

claim charts from an expert report where the charts were "vague," "crude," and in violation of

local rules. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d

1369, 1380, n. 5 (Fed. Cir. 2005).

The District of Oregon has no local rule requiring the degree of specificity defendants

espouse. Moreover, even if such specificity were required, under the circumstances of this case,

Messer's claim charts would meet the proposed standard. Messer's patent covers an extremely

simple device, with no moving or hidden  parts. Every element of the invention's preferred

embodiment – and of each of the accused products – stands exposed to the casual scrutiny of the naked eye.  Each element of each of the '051 patent claims is described in terms of the physical appearance and physical location of the element:  it would be an entirely empty exercise to put Messer to the task of replacing each "YES" in every row of the chart with a paraphrase of the element description in the row header.

By way of example, one of the row headers reads, "The wakeboard traction pad of claim 1 wherein the traction pad further comprises: a kicktail . . . adjacent [to the] . . . high front end" (modifications original).  The specificity advocated by defendants would require Messer to state with particularity for each product alleged to infringe this element that the product has a kicktail, and that the kicktail is adjacent to the (elsewhere defined) high front end.  However, because the physical description of the element incorporates information of sufficient specificity to permit defendants to determine the location of the infringing element within the accused instrumentality, additional specificity within the table cells would be superfluous.

Defendants further object to the claim charts, alleging that they are inadequate because they do not identify for all products a catalog in which the product can be found.  Defendants offer no support for this latter argument, and this court is aware of none.  Defendants do not deny that each accused product is identified by manufacturer, year of manufacture, and trade name.  Defendants do not assert that any particular products appearing in the claim charts are unidentifiable or do not exist.  Further identification of the accused products by catalog page number is not necessary.

Because the claim charts as provided contain sufficient specificity to permit identification of the infringing elements and their location within the accused products, Messer's claim charts

Page 7 - OPINION AND ORDER

are not inadequate to satisfy Messer's discovery obligations.  Because defendants have already

received all discovery sought in their motion to compel to which they are entitled, the motion to

compel is denied as moot.

### CONCLUSION

For the reasons set forth above, defendants' motion to compel (#37) is denied.

Dated this 8th day of August, 2007.

 /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge